**SAN ANTONIO MACHINE & SUPPLY CO. v. KINARD.**

No. 1170.

Court of Civil Appeals of Texas. Waco.

March 17, 1932.

Rehearing Denied April 7, 1932.

Sleeper, Boynton & Kendall, of Waco, for appellant.

Geo. Clark, of Waco, for appellee.

ALEXANDER, J.

This action was brought by the appellee to recover damages arising from a breach of a contract of employment. The appellee alleged that he was employed by the appellant to work for it as gin repair man for a period of one year, from April 1, 1930, to April 1, 1931, at a salary of $150 per month; that he was discharged on October 15, 1930, and as a result he was damaged in the sum of $825. The jury, in answer to special issues, found that Olan Durie, appellant's shop foreman and superintendent, had authority to enter into the contract; that he actually entered into the contract with appellee and employed him for a period of one year from April 1, 1930, at $150 per month. There was no dispute about the appellee having been discharged on October 15, 1930. The court entered judgment for appellee for the amount sued for. Hence this appeal.

The appellant contends that there was no evidence that appellee was employed for a period of one year, nor that Olan Durie, the agent of appellant, who was alleged to have made the contract, had authority to make same, and that the evidence was 'insufficient to support the verdict.

The plant where appellee worked was formerly owned by D. June Machinery Company. On April 1, 1929, Olan Durie was shop foreman of that company and had authority to employ help. At that time he entered into a contract with appellee to work for a period of one year from April 1, 1929, to April 1, 1930, at $150 per month. He had full authority to make that contract. About January 1, 1930, the appellant purchased the plant from D. June Machinery Company. It took over all of the contracts of its predecessor. The appellee continued in the service of the new company and was paid $150 per month for the balance of the contract year, without any specific understanding as to his employment with the new company. About April 1, 1930, at the expiration of his old contract, he approached Durie with reference to further employment. Appellee testified that he asked Durie about continuing on the job on the same terms as before; that Durie at first told him that he did not know about it, but thought it would be all right. Appellee stated that he could not work that way and would have to know more definitely, and that Durie then told him "to go ahead just like you have been." On the question of Durie's authority to make the contract, the evidence showed that he had authority to make a similar contract with the appellee while the plant was owned by appellant's predecessor and while Durie was foreman of the shop. When the plant was taken over by the appellant, Durie was made shop foreman and superintendent and was given additional authority. Mr. Guggenheimer, local manager of the appellant, testified that Durie had general supervision over the mechanical shop at Waco and had authority to employ men; that there would have been nothing out of line for Durie to have employed appellee to work in the shop for a period of one week on a basis of $150 per month, but that Durie did not have authority to employ a man for as long a period as one month or one year. Durie testified to the same effect. Guggenheim further testified that he knew all along that the appellee had remained in the service of appellant and was drawing a salary of $150 per month. He thought appellee was working on a basis of $150 per month and did not raise any question with Durie about having employed appellee by the month. The appellee testified to a conversation that he had with

878

Mr. Guggenheim after he was discharged, and in that connection he testified as follows: "I also talked to Mr. Guggenheim about whether he or Mr. Olan Durie was the proper man to have employed me. I told Mr. Guggenheim that I asked Mr. Durie if it was necessary for me to go to him and talk to him about my contract and he said it wasn't necessary that Durie was the boss—that's what I told him."

 We think the evidence was sufficient to support the verdict of the jury in finding that the contract as alleged was actually entered into, and that Durie had authority to make the contract. In passing on the sufficiency of the evidence to support the verdict of the jury, we must give the evidence the most favorable construction in favor of the verdict, and if the evidence is such that reasonable minds might differ as to the effect thereof or the inferences to be reasonably drawn therefrom, we must allow the verdict to stand.

Finding no error in the judgment of the trial court, the same is affirmed.